904] —Order unanimously affirmed with costs. Memorandum: Supreme Court did not abuse its discretion in granting plaintiffs' motion for reargument and renewal. Plaintiffs submitted additional material facts relating to the prior order of preclusion and asserted that, in granting summary judgment, the court misapplied the law (*see, Foley v Roche,* 68 AD2d 558, 567). We also conclude that the court did not abuse its discretion in vacating the order of preclusion, nor did it err in denying summary judgment based upon the vacatur of that order of preclusion. The court properly dismissed defendant's motion to vacate the July 31, 1996 order upon the ground that plaintiffs, by failing to submit an order within 60 days, had abandoned their motion to reargue and renew. The court's decision did not direct the submission or settlement of an order on notice (*see, Funk v Barry,* 89 NY2d 364). (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Reargument.) Present—Denman, P. J., Pine, Lawton, Balio and Boehm, JJ.

■ Tara C. Gamby et al., Respondents, v John A. Pulitano, Appellant, et al., Defendant. (Appeal No. 2.) [653 NYS2d 905] —Order unanimously affirmed with costs. Same Memorandum as in *Gamby v Pulitano* ([appeal No. 1] 236 AD2d 881 [decided herewith]). (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Vacate Order.) Present—Denman, P. J., Pine, Lawton, Balio and Boehm, JJ.

■ Tara C. Gamby et al., Appellants, v John A. Pulitano, Respondent, et al., Defendant. (Appeal No. 3.) [653 NYS2d 905] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Monroe County, Ark, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Balio and Boehm, JJ.

■ In the Matter of Donna Ware, Respondent, v Robert Burnett, Appellant. [653 NYS2d 900] —Order unanimously affirmed without costs. Memorandum: We reject respondent's contention that the Judicial Hearing Officer erred in admitting a laboratory report into evidence. The report was certified by a person who swore that "I have been delegated by the Director of the Laboratory the authority necessary to and, do hereby, CERTIFY AND AUTHENTICATE, the annexed report." That certification complies with CPLR 4518 (c) (*see, People v Kuras,* 236 AD2d 873 [decided herewith]). (Appeal from Order of Erie County Family Court, Trost, J.H.O.—Support.) Present—Denman, P. J., Pine, Lawton, Balio and Boehm, JJ.

■ Genesee County et al., Appellants, v Sedgwick James of New York, Inc., Formerly Known as Fred S. James & Co.